IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARY DESFASSIAUX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:14-cv-08663 |
| v. | ) |
| | ) Judge Gary Feinerman |
| BLATT, HASENMILLER, LEIBSKER & MOORE, LLC, | ) |
| | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S MOTION TO STAY

NOW COMES Defendant Blatt, Hasenmiller, Leibsker & Moore, LLC ("BHLM"), by its undersigned counsel, and moves to stay this case pending the Supreme Court's forthcoming decision in *Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (2015) and, in support thereof, states as follows:

1. This case is one of dozens filed by plaintiff's counsel in the wake of the Seventh Circuit's divided *en banc* decision in *Suesz v. Med-I Solutions, LLC,* 734 F.3d 684 (7th Cir. 2014), which overruled *Newsom v. Friedman*, 76 F.3d 813 (7th Cir. 1996), and established a new venue rule under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), for debt collection lawsuits. In *Newsom*, the Court held that for purposes of Section 1692i(a)(2), "judicial district" meant the Cook County Circuit Court as established by the Illinois Legislature and not the various municipal subdivisions established by the Circuit Court. Thus, as long as the debtor resided within Cook County, it was proper to file in the First Municipal District, at the Daley Center. Eighteen years later, in *Suesz*, the Court reversed itself, overruled *Newsom* and held that "judicial district" meant instead the smallest existing geographical unit within the state court system (which, in the case of Cook County, means the municipal districts).

2. Seeking to exploit that ruling, plaintiff's counsel filed over 100 "*Suesz*" lawsuits against the major Chicago debt collection law firms (including BHLM), seeking to have *Suesz* applied retroactively to collection cases that were filed months or even years before *Suesz* was decided. Put another way, BHLM and the other collection law firms are being sued for *following* the law, as it then stood, at the time they filed those collection cases.

3. In this case, as in many of the others, plaintiff suffered no injury and merely seeks to recover "statutory damages" under the FDCPA.[1] Plaintiff admits she was not harmed or injured in any way by the filing of the Collection Case at the Daley Center instead of Maywood. (Desfassiaux Dep., 25:12-16; 26:9-16.) Plaintiff was never served with the Collection Case. (Desfassiaux Dep., 12:3-9; 13:3-17.) She never had to appear at the Daley Center or anywhere else in connection with the Collection Case. (Desfassiaux Dep., 21:11-21.) Plaintiff never even knew about the Collection Case until being solicited by lawyers seeking to represent her (Desfassiaux Dep., 12:15-13:2), and had never seen a copy of the collection complaint until her deposition (Desfassiaux Dep., 15:6-16:9).[2]

4. That brings this case squarely within *Spokeo*, where the Supreme Court granted review to resolve a conflict among the courts of appeal over "[w]hether Congress may confer Article III standing upon a plaintiff who suffers no concrete harm, and who therefore could not otherwise invoke the jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute." Pet. for Writ of *Certiorari* in *Spokeo, Inc. v. Robins*, No. 13-1339, 2014 WL 1802228, at i (U.S. May 1, 2014). The outcome in *Spokeo* may well

---

[1] *See* 15 U.S.C. §1692k(a)(2)(A), which allows a plaintiff to recover "such additional damages as the court may allow, but not exceeding $1000."

[2] These facts are taken from BHLM's Rule 56.1(a)(3) Statement of Material Facts (Dkt. 21, nos. 7-12) in support of its motion for summary judgment and were undisputed by plaintiff in her response (Dkt. 33, nos. 7-12).

determine that this Court lacks subject-matter jurisdiction over bare statutory violations when, as here, the named plaintiff does not claim that she suffered any concrete harm. There is no reason for the parties and the Court to proceed with summary judgment or trial when this case will simply evaporate if the Supreme Court holds for the defendant in *Spokeo*.

5.  A trial court has broad discretion to stay all proceedings in an action pending the resolution of independent proceedings elsewhere. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). This discretion is "incident to [a district court's] power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997); *see also Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 n.6 (1998) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.") (quotation marks omitted). In determining whether a stay is appropriate, courts examine several factors such as: (1) whether a stay will simplify issues and promote judicial economy; (2) whether a stay will reduce the burden of litigation on the parties and the court; and (3) whether a stay will unduly prejudice or tactically disadvantage the non-moving party. *Arrivalstar S.S. v. Canadian Nat'l Railway Co.,* No. 08-1086, 2008 WL 2940807, at *2 (N.D. Ill. July 25, 2008). "Stays of proceedings can also promote judicial economy, reduce confusion and prejudice, and prevent possibly inconsistent resolutions." *Boise v. Ace USA, Inc.*, No. 15-21264, 2015 WL 4077433, at *2 (S.D. Fl. July 6, 2015).

6.  The Supreme Court's decision to hear *Spokeo* on the merits warrants the exercise of such discretion here. As the petition in *Spokeo* explains, the lower courts are deeply divided over "whether a statutory violation, unaccompanied by any concrete injury, is sufficient to establish Article III standing." Pet. For Writ of Certiorari, *Spokeo,* No. 13-1339, 2014 WL 1802228, at *9-12. This issue has tremendous importance in both single-plaintiff cases like this

one but particularly in putative class actions, where the confluence of a "no-injury" theory of standing, statutory damages, and the class action device "means that enormous potential liability may result even though no one has suffered *any* concrete injury." *Id.* at *14. While *Spokeo* alleges violations of the Fair Credit Reporting Act, the petition also explains that the question presented implicates claims brought under a wide range of federal statutes, including the FDCPA. *Id.* at *16–19. As such, should the Supreme Court resolve the question presented in favor of Spokeo, the decision would dispose of this matter. Judicial economy would be served by holding this case in abeyance pending the Supreme Court's decision.

7. Numerous courts have recently granted stays under precisely the circumstances presented here. *See Gillespie v. Blitt and Gaines, P.C.,* No. 14-cv-9176 (N.D. Ill. August 11, 2015); *Perrill v. Equifax Info. Servs.,* No. 14-612 (W.D. Tex. Aug. 4, 2015) (attached hereto as Exhibit A) (granting joint request to stay pursuant to *Spokeo*); *Hillson v. Kelly Services, Inc.,* No. 15-10803, 2015 WL 4488493, at *1 (E.D. Mich. July 15, 2015 (granting motion to stay all proceedings "because *Spokeo* has the high potential to be completely dispositive of the instant case and because judicial economy favors a limited delay in awaiting the *Spokeo* decision"); *Boise v. Ace USA, Inc.*, No. 15-21264, 2015 WL 4077433, at *5-6 (S.D. Fl. July 6, 2015) (granting defendant's motion to stay proceedings pending *Spokeo* to "promote judicial economy and efficiency, and moreover prevent the parties from expending significant time and resources unnecessarily"); *Larson v. Trans Union, LLC,* No. 12-CV-05726-WHO, 2015 WL 3945052, at *8 (N.D. Cal. June 26, 2015) (staying proceedings pending resolution of *Spokeo*, finding there is no prejudice because the Supreme Court is likely to issue a decision in the case within one year); *Ramirez v. Trans Union, LLC*, No. 12-632 (N.D. Cal. June 22, 2015) (attached hereto as Exhibit B) (granting motion to stay in TCPA class action based on *Spokeo*); *Syed v. M-I LLC,* No. 14-

4

00742-WBS-BAM, 2015 WL 3630310, at *1 (E.D. Cal. May 29, 2015) (stipulation by both parties to stay case pending the Supreme Court decision in *Spokeo*); *Williams v. Elephant Ins. Co.*, No. 15-00119-BGL-TCB, 2015 WL 3631691, at *1 (E.D. Va. May 27, 2015) (granting motion to stay pursuant to *Spokeo*).

8. Staying the action will preserve the parties' and the Court's resources by avoiding unnecessary proceedings. As the court in *Boise* explained, *Spokeo* "[may conclusively determine whether this Court has the subject matter jurisdiction to hear Plaintiff's claims at all. Therefore…the significant time, expense, and resources required to litigate this case on the merits will be for naught if the Supreme Court rules either that plaintiffs like [Gillespie] lack Article III standing *or* that [his] claims are moot (or both)." 2015 WL 4077433, at *5 (internal quotations omitted). Moreover, with the short and definite period of the stay, plaintiff will not be prejudiced. The Supreme Court has already granted *certiorari*, so "a decision is imminent within a year." *Id.* at *6. Finally, the public interest will be promoted by the preservation of judicial economy and efficiency.

WHEREFORE, BHLM respectfully requests that the Court enter an order staying this case pending the Supreme Court's resolution of *Spokeo*, as well as entering such further relief as is just, necessary and proper.

Dated: September 10, 2015　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　BLATT, HASENMILLER, LEIBSKER & MOORE, LLC

　　　　　　　　　　　　　　　　　　By:　/s/David L. Hartsell
　　　　　　　　　　　　　　　　　　　　　　One of Its Attorneys

        David L. Hartsell
        Helen D. Arnold
        McGUIREWOODS LLP
        77 W. Wacker Drive, Ste. 4100
        Chicago, Illinois 60601-1818
        (312) 849-8100
        (312) 849-3690 (fax)
        dhartsell@mcguirewoods.com
        harnold@mcguirewoods.com

Case: 1:14-cv-08663 Document #: 48 Filed: 09/10/15 Page 6 of 7 PageID #:545

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing **DEFENDANT'S MOTION TO STAY** was electronically filed with the Clerk of the Court using the CM/ECF system on September 10, 2015, which constitutes service on below counsel who are registered electronic filing users, pursuant to FED. R. CIV. P. 5(b)(2)(D) and L.R. 5.9:

> Ahmad Tayseer Sulaiman, First
> Daniel J. McGarry
> Matthew H. Hector
> Mohammed O. Badwan
> Sulaiman Law Group, Ltd.
> ahmad.sulaiman@sulaimanlaw.com
> dmcgarry@sulaimanlaw.com
> mhector@sulaimanlaw.com
> mbadwan@sulaimanlaw.com
>
> Majdi Y. Hijazin, First
> Law Office s of Majdi Y. Hijazin, Ltd.
> mhijazin@hijazinlaw.com

/s/David L. Hartsell

70609159_1