UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARY DESFASSIAUX, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:14-cv-08663 |
| | ) | |
| v. | ) | Judge Gary Feinerman |
| | ) | |
| BLATT, HASENMILLER, LEIBSKER & | ) | Mag. Judge Jeffrey T. Gilbert |
| MOORE, LLC | ) | |
| | ) | |
| Defendant. | ) | |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STAY

NOW COMES MARY DESFASSIAUX ("Plaintiff"), by and through her counsel, Sulaiman Law Group, Ltd., responding to BLATT, HASENMILLER, LEIBSKER & MOORE, LLC's ("Defendant") Motion to Stay as follows:

### INTRODUCTION

Defendant argues this case should be stayed because of one possible outcome of the Supreme Court's future ruling in *Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (2015). However, Defendant's argument relies on the Supreme Court's ruling being decided in a binary fashion. Defendant fails to acknowledge that there are many possible rulings that the Court could issue. *Spokeo* is not Schrödinger's cat.[1] Jurisprudence does not lend itself well to quantum superposition; Schrödinger's classic thought experiment showcases the absurdity of Defendant's

---

[1] Schrödinger's cat is a classic thought experiment that contemplates a cat being sealed in a box with a vial of poison gas which will break, killing the cat, if a radioactive isotope decays and the emitted particle is detected by a Geiger counter. It is impossible to know if the cat is alive or dead without opening the box and observing its state. As such, the cat is both dead and alive at the same time—until the box is opened. Schrödinger intended the experiment to demonstrate the absurdity of the Copenhagen interpretation of quantum mechanics, which stated that the cat was both alive and dead until consciously observed, when the quantum states would collapse in on each other, resulting in one observed state. Unobserved judicial rulings have many possible states, further increasing the complexity of the analysis while decreasing the likelihood that *Spokeo* will conclusively resolve this case.

argument. The Supreme Court could issue many limited holdings that fall somewhere in between the spectrum suggested by Defendant. The likelihood that *Spokeo* will resolve this case is not 100%. Unlike the cat, *Spokeo* has many possible fates, not two.

Moreover, the cases upon which Defendant relies in support of a stay are readily distinguishable from the procedural posture of this case. Unlike the cases cited by Defendant, this case is not in its infancy. Discovery has been completed. Cross-motions for summary judgment have been briefed and ruled upon. The only remaining issues in this case are whether the debt was a consumer debt and the amount of statutory damages. The consumer debt issue can be easily resolved by a motion for summary judgment only as to that issue of fact. It is not a complex issue that will require the expenditure of vast judicial resources. It's also worth noting that that this Honorable Court has already ordered the parties to submit mutually agreeable trial dates from August 2016 to December 2016. *See* Dkt. 61. If *Spokeo* will be decided by June 2016, then staying this matter only serves to disincentive settlement. Settlement promotes judicial economy. Defendant's motion should be denied

### ARGUMENT

Defendant presupposes that there are only two possible outcomes of *Spokeo*: either purely statutory damages give a plaintiff standing to sue or they do not. This position overly simplifies a rather complex Constitutional question, one that has a direct impact on the separation of powers between the legislature and the judiciary. Defendant contends that "this case will simply evaporate if the Supreme Court holds for the defendant in *Spokeo*." *See* Defendant's motion to stay at p.3 [Dkt. 48]. There are more than two possible outcomes to *Spokeo*, and more than one that could result in a holding in favor of the defendant.

However, not all of the pro-defendant outcomes would eviscerate Congress's intent with regard to a multitude of statutes, nor would they so significantly abrogate Congress's Constitutional authority to vest federal courts with jurisdiction. Article III, §1 gives Congress the power to create courts that are inferior to the Supreme Court; a natural part of this power is Congress's ability to give courts the power to hear and decide cases or controversies. Article III, §2 extends judicial power to all cases arising under, among other things, "the laws of the United States." Quite simply, it seems highly unlikely that the Supreme Court will rule in such a sweeping manner. More likely is that the Court will issue a more limited holding, crafted to the issues before it, which involve facts that are inapposite to this matter.[2]

As such, a stay in this case is not certain to "simplify issues." *Arrivalstar S.S. v. Canadian Nat'l Railway Co.*, No. 08-1086, 2008 WL 2940807 at *2 (N.D. Ill. July 25, 2008). Also, it significantly decreases "the likelihood of the moving party ultimately prevailing on the merits." *Boise v. Ace USA, Inc.*, No. 15-21264, 2015 WL 4077433 at *4 (S.D. Fl. July 6, 2015). Given that *Spokeo* has more than two possible outcomes, many of which would not eviscerate Article III standing for plaintiffs claiming purely statutory damages under the FDCPA, the odds of Defendant ultimately prevailing on the merits of this case are statistically low. It is also worth noting that Defendant has already lost a large portion of this case. If this case were to proceed forward on a second motion for summary judgment that resolves the question of whether Plaintiff's debt was a consumer debt, then the only issue remaining would be the amount of statutory damages to be awarded. Defendant has failed to prevail on the merits of the case thus far; there is very little indication that *Spokeo* will definitively resolve this matter in its favor.

---

[2] This makes the possible outcome in *Spokeo* more compatible with Hugh Everett's many-worlds interpretation of quantum mechanics where many possible outcomes of the Schrödinger's cat experiment exist in separate and persistent decoherent worlds.

Defendant further insists that because the Petition of Writ of Certiorari in *Spokeo* claims that there is a likelihood that a ruling in its favor would implicate claims brought under several federal statutes, this case should be stayed. However, the petitioner's subjective opinion is not relevant to whether this case should be stayed. Defendant argues that judicial economy is best served by doing nothing further in this case. This argument works better for cases that are still "in [their] infancy," not those that are as far along as this matter. *Arrivalstar S.S. v. Canadian Nat'l Railway Co.*, No. 08-1086, 2008 WL 2940807 at *8 (where motion to stay was filed at or around the time of the initial status hearing); *see also Boise v. Ace USA, Inc.,* No. 15-21264, 2015 WL 4077433 (S.D. Fl. July 6, 2015)(where motion to stay was filed in conjunction with a Rule 12(b)(6) motion to dismiss for failure to state a claim). Staying a case this far along in its procedural history does not promote judicial economy to the same extent as staying a nascent case.

On the other hand, judicial economy is often served by settling cases. "It is a well-settled principle that the law generally favors the encouragement of settlements." *Airline Stewards & Stewardesses Asso. v. American Airlines, Inc.*, 573 F.2d 960, 963 (7th Cir. 1978). Staying this case will remove all incentive that the Defendant has to settle this matter before going to trial on the issue of damages. As the Seventh Circuit has acknowledged, "settlements are entered into because of the very uncertainties of outcome in litigation, as well as the avoidance of wasteful litigation and expense." *Id.* (internal quotes omitted). Staying this case gives the Defendant no incentive to settle. Without a doubt, a trial solely on the issue of damages would be the hallmark of wasteful litigation and expense. Waiting for the resolution of *Spokeo* gives Defendant, an entity with significantly more financial resources than Plaintiff, no incentive to settle. It also encourages Defendant to kick the can down the road with no concrete benefit to the parties or

4

this Honorable Court. If the earliest possible trial date is August 2016, then this case is effectively stayed pending the resolution of *Spokeo*. Adding a formal stay stifles settlement; "federal courts look with great favor upon the voluntary resolution of litigation through settlement." *Armstrong v. Board of School Directors*, 616 F.2d 305, 312 (7th Cir. 1980).

CONCLUSION

There is no reason to stay this case. Any potential trial is well beyond the date that a ruling is expected in *Spokeo*. Moreover, there are many possible holdings that could occur. Of those possible holdings, only a small number would gut federal consumer protection laws to the extent that Defendant claims. Rather than allow a late-stage case to progress, Defendant seeks to frustrate Plaintiff into submission. This court has exercised its jurisdiction over this case since its inception; there is no reason to stay the case now simply because the Supreme Court might choose the "nuclear option" with regard to *Spokeo*. While the state of the cat in the *Spokeo* box is currently unknown, there are many more possible outcomes than the binary situation suggested by Defendant. Staying this case serves to stifle settlement. It has no other practical purpose. Defendant's motion should be denied.

Dated: November 13, 2015                     Respectfully Submitted,

                                               /s/ Majdi Y. Hijazin_
                                               Majdi Y. Hijazin, *Of Counsel*
                                               Counsel for Plaintiff
                                             Sulaiman Law Group, Ltd.
                                             900 Jorie Blvd, Ste 150
                                             Oak Brook, IL 60523
                                             Phone (630)575-8181
                                             Fax: (630)575-8188

                                             mhijazin@hijazinlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STAY** was electronically filed with the Clerk of the Court using the CM/ECF system on November 13, 2015, which constitutes service on below counsel who are registered electronic filing users, pursuant to FED. R. CIV. P. 5(b)(2)(D) and L.R. 5.9:

David L. Hartsell
Helen D. Arnold
McGuireWoods LLP
77 W. Wacker Drive, Suite 4100
Chicago, IL 60601-1818
(312) 849-8100
(312) 849-3690 (fax)
dhartsell@mcguirewoods.com
harnold@mcguirewoods.com

/s/ Majdi Y. Hijazin_____