IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARY DESFASSIAUX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:14-cv-08663 |
| v. ) | |
| ) | Judge Gary Feinerman |
| BLATT, HASENMILLER, LEIBSKER & ) | |
| MOORE, LLC, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION TO STAY**

NOW COMES Defendant Blatt, Hasenmiller, Leibsker & Moore, LLC ("BHLM"), by its undersigned counsel, and in further support of its motion to stay, states as follows:

There is no need for this Court to indulge in "quantum superposition" in order to decide the motion to stay. The question before this Court is simple – would judicial economy be served by staying this case pending the Supreme Court's decision in *Spokeo* (as well as the Seventh Circuit's decision in *Oliva*). The answer is yes. Staying this case will prevent the waste of both the Court's and the parties' time and resources in continuing to litigate this dispute while the outcome of those decisions remains uncertain. Until the Supreme Court rules, there is no need to go down the rabbit hole and speculate as to exactly how *Spokeo* will apply to this case. Moreover, it is indisputable that the decision in *Oliva* will directly impact the outcome of this case – if *Oliva* is affirmed, then this case goes away. There is no reason to occupy the Court's, the parties' or a jury's time where this case will likely be resolved through either *Spokeo* or *Oliva*.

The Supreme Court granted review in *Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (2015), to resolve a conflict among the courts of appeal over "[w]hether Congress may confer Article III

standing upon a plaintiff who suffers no concrete harm, and who therefore could not otherwise invoke the jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute." Plaintiff contends that because *Spokeo* has several possible outcomes, it is unclear how the decision will impact this case. However, the uncertainty of *Spokeo* is exactly the reason to grant the stay. The Supreme Court's decision in that case can directly impact this Court's jurisdiction in this case, rendering any judgment void.

In *Spokeo*, the plaintiff claimed that he suffered concrete harm in the nature of common law defamation because the information Spokeo published about him was false. In response, the Petitioner argued that because the alleged statutory violation does not rest on whether the information was false, any "injury" from the false information is not traceable to the violation. *Spokeo, Inc. v. Robins*, Brief for Petitioner, 2015 WL 4148655, at *50. Likewise, Plaintiff's claim here does not derive from any injury, and instead, it rests on a pure legal violation untethered to any concrete harm. The Supreme Court may decide that an injury manufactured from a statutory violation is not enough to meet Article III's standing requirements. Until the Supreme Court rules and sets the standard, however, the parties and this Court cannot know whether Plaintiff has standing. Accordingly, staying the case until the Supreme Court rules is warranted. *See Gillespie v. Blitt and Gaines, P.C.,* No. 14-cv-9176 (N.D. Ill. August 11, 2015) (staying identical case in which the plaintiff claims no actual damages under the FDCPA pending the ruling in *Spokeo*).

The Seventh Circuit's forthcoming decision in *Oliva* also warrants a stay in this case. That decision *will* impact the outcome of this case. Based on this realization, several other courts have stayed these *Suesz* cases pending the decision in *Oliva*. *See, e.g., Stemberk v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, Case No. 15-cv-02083 (N.D. Ill. Nov. 20, 2015)

(Kennelly, J.); *Summers v. Midland Funding, LLC*, No. 14-cv-10174 (N.D. Ill. Nov. 17, 2015) (Guzman, J.); *Saunders v. Blatt, Hasenmiller, Leibsker & Moore, LLC, et al.*, Case No. 14-cv-8311 (N.D. Ill. Nov. 10, 2015) (Aspen, J.); *Jelebinkov v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, Case No. 14-cv-7372 (N.D. Ill. Nov. 6, 2015) (Wood, J.); *Henderson v. Blatt, Hasenmiller, Leibsker & Moore, LLC, et al.*, Case No. 14-cv-7517 (N.D. Ill. Nov. 4, 2015) (Gettleman, J.); *Conroy v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, Case No. 14-cv-6725 (N.D. Ill. Oct. 8, 2015) (Hart, J.); *Dyer v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, Case No. 14-cv-7486 (N.D. Ill. Oct. 8, 2015) (Ellis, J.); see, however, *Portalatin v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, Case No. 14-cv-08271 (N.D. Ill. Nov. 20, 2015) (Kennelly, J.) (denying motion to stay).

While the parties and this Court will not know the precise impact of *Spokeo* and *Oliva* until the Supreme Court and the Seventh Circuit issue their opinions, there is no doubt that the decisions will impact this case. As this Court has already expressed, even without the uncertainty looming from *Spokeo* and *Oliva*, this case "is hardly the most productive use of anybody's time", so why should the parties continue down this path towards inefficiency and waste. (Dkt. 62, at 10.)

WHEREFORE, BHLM respectfully requests that the Court enter an order staying this case pending the Supreme Court's resolution of *Spokeo* and the Seventh Circuit's resolution of *Oliva*, as well as entering such further relief as is just, necessary and proper.

Dated: November 20, 2015             Respectfully submitted,

                                     BLATT, HASENMILLER, LEIBSKER &
                                     MOORE, LLC

                                     By:     /s/David L. Hartsell
                                             One of Its Attorneys

3

David L. Hartsell
Helen D. Arnold
McGUIREWOODS LLP
77 W. Wacker Drive, Ste. 4100
Chicago, Illinois 60601-1818
(312) 849-8100
(312) 849-3690 (fax)
dhartsell@mcguirewoods.com
harnold@mcguirewoods.com

4

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION TO STAY** was electronically filed with the Clerk of the Court using the CM/ECF system on November 20, 2015, which constitutes service on below counsel who are registered electronic filing users, pursuant to FED. R. CIV. P. 5(b)(2)(D) and L.R. 5.9:

>Ahmad Tayseer Sulaiman, First
>Daniel J. McGarry
>Matthew H. Hector
>Mohammed O. Badwan
>Sulaiman Law Group, Ltd.
>ahmad.sulaiman@sulaimanlaw.com
>dmcgarry@sulaimanlaw.com
>mhector@sulaimanlaw.com
>mbadwan@sulaimanlaw.com
>
>Majdi Y. Hijazin, First
>Law Office s of Majdi Y. Hijazin, Ltd.
>mhijazin@hijazinlaw.com

/s/David L. Hartsell

72763039_3